UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROXANE CARDENAS, | ) | NO. EDCV 13-1852 AGR |
| Plaintiff, | ) | |
| v. | ) | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | ) | MEMORANDUM OPINION AND ORDER |
| Defendant. | ) | |

Plaintiff Roxane Cardenas filed this action on October 21, 2013. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 9, 10.) On June 25, 2014, the parties filed a Joint Stipulation ("JS") that addressed the disputed issue. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

# I.

# **PROCEDURAL BACKGROUND**

On July 31, 2006, Cardenas filed applications for disability insurance benefits and supplemental security income benefits alleging an onset date of June 17, 2001.[1] Administrative Record ("AR") 9, 156-64. The applications were denied initially and upon reconsideration. AR 73-76. Cardenas requested a hearing before an Administrative Law Judge ("ALJ"). AR 87. On October 24, 2008, the ALJ continued the hearing to give Cardenas time to find representation. AR 53-57. On November 25, 2008, a hearing was conducted at which Cardenas testified. The ALJ again continued the hearing to give Cardenas additional time to submit additional medical evidence and attend a consultative examination. AR 23, 36-50. On April 13, 2009, the ALJ conducted a supplemental hearing at which Cardenas and a vocational expert ("VE") testified. AR 21-35. On July 23, 2009, the ALJ issued a decision denying benefits. AR 6-16. On January 7, 2010, the Appeals Council denied the request for review. AR 1-4.

Cardenas filed an action in this court on February 25, 2010. On August 3, 2011, the court remanded the matter to the Commissioner for proceedings at step four and, if appropriate, step five of the sequential analysis. AR 409-18. On May 9, 2012, the Appeals Council vacated the July 23, 2009 decision of the Commissioner and remanded the case to an ALJ for proceedings consistent with the court's remand order. AR 421. The Appeals Council directed the ALJ to combine Cardenas' July 31, 2006 claims with her subsequent March 8, 2010 applications for disability insurance benefits and supplemental security income benefits, offer Cardenas the opportunity for a hearing and "take any further action needed to complete the administrative record and issue a new decision." AR

---

[1] Cardenas later amended her alleged disability onset date to February 23, 2006. AR 54, 336. Her prior applications for disability insurance benefits and supplemental security income benefits were denied on February 22, 2006. AR 53-54, 61-69.

421-22, 511-19. On December 6, 2012, the ALJ conducted a hearing after remand at which Cardenas and a VE testified. AR 355-90.

On January 3, 2013, the ALJ issued a decision denying benefits. AR 333-48. On August 14, 2013, the Appeals Council found that Cardenas did not timely file exceptions to the ALJ's decision and stated that the ALJ's decision was the final decision of the Commissioner after remand by the court. AR 320-25. This action followed.

## II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

## III.

## DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age,

3

education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[2] the ALJ found that Cardenas has not engaged in substantial gainful activity since February 23, 2006, the amended alleged onset date. AR 338.

Cardenas has the severe impairments of status-post motor vehicle accident in June 2001 with residual chronic right neck and shoulder pain; a second minor vehicle accident in December 2003 with neck and shoulder pain; degenerative disc disease of the cervical spine with right upper extremity radiculopathy; degenerative disc disease of the lumbar spine; possible mild right carpal tunnel syndrome; and obesity. AR 338-39. She does not meet or equal a listing. AR 339.

Cardenas has the residual functional capacity ("RFC") to perform less than the full range of light work. She can lift and carry 20 pounds occasionally and 10 pounds frequently; sit for six hours in an eight-hour workday with a maximum sitting of about two hours at a time; stand and/or walk for six hours in an eight-hour workday with normal breaks; occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; occasionally reach at or above shoulder level with the dominant right upper extremity, but cannot do forceful gripping and torquing with the right dominant hand; and frequently use the right dominant hand for fine and gross manipulative movements. She cannot climb ladders, ropes or

---

[2] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

4

scaffolds.  AR 340.  She is unable to perform her past relevant work, but she can perform jobs that exist in significant numbers in the national economy such as cleaner, bench assembler and inspector.  AR 346-47.

### C. **Credibility**

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis."  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Id*. (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).  The ALJ found that Cardenas' medically determinable impairments could reasonably be expected to cause the alleged symptoms.  AR 342.

"Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so."  *Lingenfelter*, 504 F.3d at 1036 (citation and quotation marks omitted).  "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints[.]'"  *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted).  The ALJ found that Cardenas' statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible.  AR 342.

In weighing credibility, the ALJ may consider factors including:  the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility

5

evaluation." *Bunnell*, 947 F.2d at 346 (citing Social Security Ruling 88-13)[3]. The ALJ may consider: (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

At the December 2012 hearing, Cardenas testified that her conditions have worsened over the last three and a half years. AR 340, 360-61. She has severe weakness on her right side, from her shoulder down to her leg. AR 340-41, 361. Her right knee gives out. AR 341, 362. She has headaches that last all day, extreme neck pain, right shoulder pain that goes to her elbow, lower back pain, right hand pain, weakness of the forefingers, pain on the back of her hand and uncontrollable shaking in her hand. AR 341, 362-66. She cannot hold a pen for a long period of time. AR 341, 364. She would need help opening a jar. AR 371. Diabetes makes her tired and nauseated. AR 378. She can lift 20-25 pounds frequently. AR 341, 369. She can sit for one hour at a time and on/off for approximately four hours. AR 341, 370. She can stand for approximately one hour to an hour and a half at one time and on/off for approximately four hours. AR 341, 371.

The ALJ found Cardenas' subjective complaints "less than fully credible" based on five reasons: (1) her treatment was routine and conservative; (2) the objective evidence did not support the severity of the alleged symptoms; (3) her statements were inconsistent with the medical evidence; (4) she was uncooperative; and (5) she had a sporadic work history. AR 341-46.

---

[3] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

6

### 1. Conservative Treatment

"[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (citation omitted). The ALJ found that Cardenas received treatment, including medicine and physical therapy, which was generally routine and conservative.[4] AR 341, 343-44, 570-91, 612-39; *see Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (describing physical therapy and anti-inflammatory medication as conservative treatment). He noted that after the prior ALJ decision, Cardenas went to physical therapy for approximately one month and then failed to show. AR 343, 547, 553-58, 561-65. In August 2010, at her consultative examination, Cardenas reported she had not been treated with injections or surgical intervention. AR 602.

### 2. Objective Evidence

Although lack of objective medical evidence supporting the degree of limitation "cannot form the sole basis for discounting pain testimony," it is a factor that an ALJ may consider in assessing credibility. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ provided a thorough review of the medical evidence, including evidence from the period prior to Cardenas' amended alleged onset date. AR 9-16, 342. On July 22, 2009, Cardenas' musculoskeletal examination was normal with no back or joint pain, muscle pain, or swelling of the extremities. AR 343, 638. On October 7, 2009, Cardenas reported low back pain that began two and a half months earlier. Her physical examination was normal, including no deformities, masses, or tenderness in all four extremities. AR 343, 635-36. At that time, Cardenas was assessed with diabetes mellitus without mention of complication, type II or unspecified type, not stated as uncontrolled.

---

[4] In the August 2011 remand order, the court determined that the ALJ's July 2009 credibility finding, based on evidence of conservative treatment, was supported by substantial evidence. AR 416-18.

7

AR 343, 636.  An x-ray of the lumbar spine on October 26, 2009 showed a mild lumbar scoliosis convex to the right, but no evidence of vertebral fractures, disk space narrowing, or spondylolisthesis.  AR 343, 597.  Physical examinations on January 6 and May 10, 2010 were normal and indicated diabetes without mention of complication.  AR 343, 630-34.  On March 3, 2010, when Cardenas experienced aching and burning chest pains, she was assessed with a normal gait and equal strength in all four extremities.  She denied numbness or tingling.  AR 343, 575.  She denied numbness or tingling.  AR 343, 575.  Imaging of Cardenas' cervical spine on December 14, 2010 found possible mild narrowing of the neural foramina at the left C3-C4 vertebral level and was otherwise unremarkable.  AR 343, 613.  On December 22, 2010, she had tenderness over the neck and shoulders in the spinal area as well as dulling of sensation to her left fourth finger, but her grip strength was fair.  She had no tenderness in the bilateral upper and lower extremities.  AR 343, 626-28.  Cardenas had only two office visits in 2011.  AR 343.  Her visits on March 15 and October 19, 2011 reflected essentially normal physical examinations, assessments of diabetes mellitus without mention of complication, and medication management.  AR 343, 621-25.  Routine follow-up records from March and September 2012 also reflected normal physical examinations with medication management.  AR 343-44, 615-21.

      The ALJ cited the August 28, 2010 findings of Dr. Moazzaz, an examining physician.  AR 344.  Dr. Moazzaz found that Cardenas had a normal gait and an ability to squat.  AR 344, 603.  Her cervical spine demonstrated mildly decreased range of motion with tenderness, but no muscle spasm and negative Spurling's and Hoffmann's tests.  AR 344, 603.  Her hands had tenderness to palpation over the carpal tunnel on the right, mildly positive Phalen's test on the right, and decreased sensation to light touch in the right C6 distribution.  AR 344, 604.  Range of motion of the hands and fingers was within normal limits, and Tinel's

test was negative. AR 344, 604. Her grip strength tests revealed 25 pounds on the right and 55 pounds on the left. AR 344, 605. Examination of her upper extremities was otherwise normal, including full range of motion in her bilateral shoulders. AR 344, 604. Her thoracolumbar spine revealed tenderness to palpation, no muscle spasm, normal range of motion and negative straight leg raising. AR 344, 604. Her lower extremities were normal. AR 344, 604-05. Neurological examination revealed normal motor strength throughout the upper and lower extremities. AR 344, 605. Dr. Moazzaz opined that Cardenas could perform medium work with frequent postural activities, frequent overhead activities, and frequent use of the right hand for fine and gross manipulative movements. AR 344, 606.

### 3. Inconsistent Statements

An ALJ may consider inconsistencies in a claimant's statements when weighing a claimant's credibility. *Thomas*, 278 F.3d at 958-59. The ALJ noted inconsistent statements regarding Cardenas' diabetes and headaches. AR 342. Although Cardenas alleged symptoms due to her diabetes, the record indicates assessments of diabetes mellitus without mention of complication. AR 342, 378, 617, 619, 622, 624, 627, 630, 632, 634, 636. Although she alleged significant limitations due to her headaches, her diagnostic studies were normal and there is minimal mention of headaches in the record as of the amended alleged onset date. AR 342, 365-66, 572, 599, 615-40.

### 4. Lack of Cooperation

An ALJ may consider lack of cooperation during examinations in assessing credibility. *See Thomas*, 278 F.3d at 959 ("[claimant's] efforts to impede accurate testing of her limitations supports the ALJ's determinations as to her lack of credibility") (citation omitted). The ALJ noted that Cardenas was uncooperative. AR 342. In July 2012, Cardenas failed to respond to a Social Security Administration request to sign an authorization form in order to obtain updated

9

medical records. AR 342, 483. In August 2012, she failed to appear at the consultative examination, and failed to respond to a subsequent letter requesting her cooperation. AR 342, 644.

     5. <u>Poor Work History</u>

An ALJ may rely on poor work history to discount a claimant's credibility. *Thomas*, 278 F.3d at 959. Cardenas' sporadic work history prior to the amended alleged onset date is supported by substantial evidence. AR 342; *see* AR 183, 534-35.[5]

The ALJ's credibility finding is supported by substantial evidence, and this court "may not engage in second-guessing." *Thomas*, 278 F.3d at 959 (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999)).

## IV.
## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: July 30, 2014

                                 ALICIA G. ROSENBERG
                                 United States Magistrate Judge

---

[5] Cardenas worked from June 1989 to March 1990, September 1990 to June 1991, April 1992 to December 1993, and January 1998 to April 2002. AR 183, 534-35.